**Rudy HARIANTO, Petitioner,**

v.

Alberto R. GONZALES,[1] Respondent.

No. 04–5503–ag.

United States Court of Appeals,
Second Circuit.

Jan. 8, 2007.

Aleksander Milch, New York, New York, for Petitioner.

Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, Jennifer Hudson, Assistant United States Attorney, Fairview Heights, Illinois, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Rudy Harianto, a native and citizen of Indonesia, seeks review of a September 27, 2004 order of the BIA affirm-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-mer Attorney General John Ashcroft as the respondent in this case.

ing the September 12, 2003 decision of Immigration Judge ("IJ") Sarah M. Burr pretermitting petitioner's application for asylum and denying his application for withholding of removal. *In re Rudy Harianto,* No. A 95 467 484 (B.I.A. Sept. 27, 2004), *aff'g* No. A 95 467 484 (Immig. Ct. N.Y. City Sept. 12, 2003). Where, as here, "the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA." *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ This Court lacks jurisdiction to review petitioner's claims for asylum and CAT relief. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excuse the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Petitioner has presented no such arguments, and we therefore lack jurisdiction to review the agency's denial of asylum. Furthermore, because Harianto waived his CAT claim before the IJ and raised no arguments regarding the claim to the BIA, we lack jurisdiction to consider it now. *See* 8 U.S.C. § 1252(d)(1).

■ As for petitioner's withholding claim, we find that neither the IJ nor the BIA considered whether either [i] the destruction of Harianto's businesses on account of his ethnicity or [ii] the religious discrimination Harianto claims to have suffered as a Confucian constituted past persecution sufficient to raise a presumption that his "life or freedom would be threatened in the future" were he removed to Indonesia. 8 C.F.R. § 208.16(b)(1)(i).

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction with respect to petitioner's claims for asylum and CAT relief. With respect to petitioner's withholding claim, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).